ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| WEYNBERT ROBLEDO DE LEÓN<br><br>APELANTE<br><br>V.<br><br>POLICÍA DE PUERTO RICO, ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>APELADOS | KLAN202400745 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Guayama |
| | | Civil Núm.: CO2023CV00384 |
| | | SOBRE: Acción Civil |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 2 de octubre de 2024.

Comparece ante nos el señor Weynbert Robledo De León ("Sr. Robledo" o "Apelante"), quien nos solicita que revisemos la Sentencia Parcial emitida el 15 de julio de 2024[1] por el Tribunal de Primera Instancia, Sala Superior de Guayama ("TPI" o "foro recurrido"). Mediante la Sentencia Parcial, el foro recurrido declaró **Con Lugar** la solicitud de desestimación presentada por el Estado y **Sin Lugar** la moción en oposición presentada por el Apelante.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender sus planteamientos.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Según alega el Apelante, el 27 de agosto de 2022 tuvo un accidente de auto en la carretera #54 de Guayama

---

[1] Notificada el 16 de julio de 2024.

Número Identificador

SEN2024_____

en el que se vio involucrado el joven Jabdiel Dones Rosario, su madre, la Sra. Marangely Rosario Dones (Sra. Rosario Dones) y otros dos jóvenes de nombre desconocido. Según alega, luego del accidente, el Apelante se bajó de su vehículo y el joven Jabdiel, junto con los jóvenes de nombre desconocido, comenzaron a golpearlo provocándole serias lesiones. Al lugar se personaron la Agte. Myrna Rivera Maldonado (Agte. Rivera Maldonado) y el Tnte. Pedro Ortíz Martínez (Tnte. Ortíz Martínez). Sin embargo, el Apelante alega que los agentes del Negociado de la Policía de Puerto Rico ("Negociado"), en lugar de permitirle expresarse sobre lo ocurrido, le dijeron: "*cállate la boca tú estás borracho*". Posteriormente, lo arrestaron y registraron su vehículo. Ante este escenario, los agentes montaron al Sr. Robledo en el vehículo oficial y lo transportaron a una institución hospitalaria.

Así las cosas, el 23 de agosto de 2023, el Sr. Robledo presentó una *Demanda*[2] contra el Negociado de la Policía de Puerto Rico, Jabdiel Dones Rosario, la Sra. Rosario Dones, la Agte. Rivera Maldonado y el Tnte. Ortíz Martínez. Como parte de las alegaciones, el Apelante arguye que los involucrados en el accidente actuaron en concierto y común acuerdo provocándole severos daños. Además, alega que los agentes del Negociado no hicieron la investigación correspondiente y arrestos de los presuntos agresores. Mediante una *Comparecencia Especial en Solicitud de Desestimación*[3], el 21 de noviembre de 2023, el Departamento de Justicia compareció en representación del Estado Libre Asociado de Puerto Rico,

---

[2] Véase Apéndice III del recurso apelativo, págs. 8-12.
[3] Véase Apéndice IV del recurso apelativo, págs. 13-22.

supliendo la capacidad legal del Negociado. En esa ocasión, el Departamento de Justicia alegó que el Apelante falló en notificarle, oportunamente, al Estado sobre su intención de demandar. Inconforme, el 18 de diciembre de 2023, el Apelante presentó una *Moción en Oposición a Solicitud de Desestimación*[4]. En síntesis, el Sr. Robledo señaló que el caso ante nos constituye una excepción al requisito de notificación. Lo anterior, debido a que el Apelante presentó una querella ante el Negociado, por lo que toda la prueba inherente a la controversia se encuentra en posesión del Estado.

Como parte de su solicitud, el Sr. Robledo alega que la sentencia emitida por esta Curia en el caso de *Aixa Hernández Normandía* v. *Estado Libre Asociado de Puerto Rico*[5] es análoga a la controversia ante nos. En esa ocasión, agentes del Negociado comenzaron a dispararle a un vehículo que se encontraba en la carretera 861 y, en medio de la balacera, los agentes impactaron la parte posterior del vehículo en el que viajaba la Sra. Hernández. Como resultado de lo anterior, la Sra. Hernández presentó una querella ante el Negociado, por la cual se inició una investigación administrativa. Un año después de ocurridos los hechos, la Sra. Hernández presentó una Demanda por daños y perjuicios contra el Estado. Meses después de la presentación de la Demanda, el representante legal de la perjudicada notificó mediante carta a la Secretaria de Justicia la reclamación incoada. Así las cosas, el foro de instancia desestimó la Demanda debido a que la Sra.

---

[4] Véase Apéndice V del recurso apelativo, págs. 23-38.
[5] Véase KLAN200301323.

Hernández había incumplido con el requisito de notificación al Estado.

Ahora bien, este Tribunal determinó que, bajo las circunstancias particulares del caso, el riesgo de que la prueba desapareciera era mínimo, toda vez que el Estado ya se encontraba haciendo una investigación a raíz de la querella presentada. Por entender que en tales circunstancias no era necesario el requisito de notificación, este Tribunal revocó al foro de instancia.

El 16 de julio de 2024, el TPI emitió una *Sentencia Parcial*[6] mediante la cual declaró **Con Lugar** la solicitud de desestimación presentada por el Estado y **Sin Lugar** la moción en oposición presentada por el Apelante. El foro recurrido hizo especial énfasis en la distinción que existe entre el caso de *Aixa Hernández Normandía* v. *Estado Libre Asociado de Puerto Rico* y el caso ante nos. A esos efectos, el TPI señaló que en el caso de autos el Apelante no expresó la fecha en la cual presentó la querella. Además, con relación a los testigos, indicó que el Apelante no tiene conocimiento de la identidad de estos, toda vez que continúan identificados como "*Agentes Adscritos al CIC Mengano y Perensejo*".

Inconforme con dicha determinación, el 6 de agosto de 2024, el Sr. Robledo acudió ante este Tribunal mediante un recurso apelativo. El Apelante se reafirma en que, desde la presentación de la querella, el Estado tiene en su posesión la prueba inherente a la controversia, por lo cual no corresponde la desestimación de la Demanda. A esos efectos, el Sr. Robledo hizo el siguiente señalamiento de error:

---

[6] Véase Apéndice I del recurso apelativo, págs. 1-6.

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR DE FORMA PARCIAL LA CAUSA DE ACCIÓN INCOADA POR EL DEMANDANTE POR NO CONSIDERAR QUE EXISTÍA JUSTA CAUSA PARA NO CUMPLIR CON EL REQUISITO DE NOTIFICACIÓN IMPUESTO EN LA LEY 104 DE PLEITOS CONTRA EL ESTADO (SUPRA).**

Oportunamente, el 16 de septiembre de 2024, el Estado presentó su Alegato. En síntesis, alega que la falta de notificación sobre la presentación de la Demanda privó al Estado de la oportunidad de investigar los hechos y así permitir identificar otras personas que pudieron haber presenciado el incidente.

-II-

Nuestro ordenamiento jurídico requiere el consentimiento del Estado ante la presentación de demandas en su contra.[7] A tales fines, se creó la *Ley de Reclamaciones y Demandas contra el Estado[8]* (Ley 104-1955). En lo aquí pertinente, el Artículo 2-A de la legislación requiere que se notifique cualquier reclamación al Estado por medio del Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el demandante tuvo conocimiento de los daños.[9] Sobre este particular, nuestro más alto foro ha sido claro en determinar que "*la norma general es que el requisito de notificación debe ser aplicado, de manera rigurosa, en acciones contra el Estado o los municipios por daños ocasionados por su culpa o negligencia de estos.*"[10]

Por lo tanto, el requisito de notificación opera como una limitación al derecho a demandar en daños y perjuicios al Estado por las actuaciones u omisiones

---

[7] *Toro Rivera v. ELA y otros,* 194 DPR 393, 405 (2015).
[8] Ley Núm. 104 de 29 de junio de 1955, según enmendada.
[9] 32 LPRA § 3077a.
[10] *Berríos Román v. ELA*, 171 DPR 549, 559 (2007).

culposas o negligentes de sus agentes, funcionarios o empleados. Sin embargo, en determinadas circunstancias, la Ley 104-1955 extiende el periodo estatutario para notificar al Estado y exime al reclamante de cumplir con dicho requisito si demuestra la existencia de justa causa.[11]

El legislador permitió que el término de noventa (90) días se pueda extender en casos en que el reclamante estuviese física o mentalmente incapacitado para efectuar la notificación o cuando hubiese mediado justa causa para ello.[12] Sin embargo, bajo este supuesto, el reclamante no queda liberado del requisito de notificación, más bien se suspende. A esos efectos, el Tribunal Supremo señaló que *"la existencia de justa causa no tiene el alcance de una liberación absoluta de los términos expresos del estatuto. Sólo tiene el efecto momentáneo de eximir de su cumplimiento mientras ella subsista."* Por lo tanto, el reclamante debe acreditar detalladamente la existencia de justa causa a fin de quedar liberado de cumplir con el requisito de notificación. Una vez cese la circunstancia excepcional, el reclamante debe notificar al Estado, so pena de perder su derecho a reclamar compensación.[13]

Por otro lado, nuestro más alto foro ha eximido a un reclamante de la notificación al Estado cuando *"sus objetivos carecen de virtualidad y podrían conllevar a una injusticia"*.[14] Existen varios escenarios en los que se libera del requisito de notificación, a saber: a) casos de impericia médica en el cual los daños

---

[11] *Íd.*, a la pág. 558.
[12] *Íd.*, a las págs. 558-559.
[13] *Íd.*, a la pág. 562.
[14] *Íd.*, a la pág. 560.

alegadamente sufridos surgen en un hospital administrado por el Estado; b)cuando se demanda y emplaza al ente gubernamental dentro de los noventa (90) días; c) en acciones de subrogación instados por la Corporación del Fondo de Seguro del Estado, una vez la reclamación contra el Estado adviene final y firme y la tardanza no es imputable al demandante; d) cuando se demanda al funcionario al que se debe notificar la reclamación, quien tiene conocimiento personal de los hechos.[15]

A pesar de estas excepciones, el Tribunal Supremo ha sido enfático en la importancia de notificar al Estado: *"[e]s menester puntualizar que nuestros pronunciamientos no han proclamado que el requisito de notificación es uno irrazonable o que su aplicación restringe de forma indebida el derecho de un perjudicado de reclamar compensación al Estado."* Por el contrario, el alto foro judicial ha reconocido su validez y únicamente ha eximido al reclamante de notificar al Estado cuando dicho requisito no cumple los propósitos y objetivos de la Ley y cuando jurídicamente no se justifica aplicarlo a las circunstancias de cada caso particular, ya que no fue para ellas que se adoptó.[16]

Por lo tanto, sólo en aquellas circunstancias en las que por justa causa la exigencia de notificación desvirtúe los propósitos de la Ley 104-1955, se podrá eximir al reclamante de notificar al Estado para evitar la aplicación extrema y desmedida de dicha exigencia.[17]

-III-

Según surge del expediente, el Sr. Robledo no notificó al Estado su intención de demandar dentro del

---

[15] *Íd.*, a las págs. 560-561.
[16] *Íd.*, a la pág. 562.
[17] *Íd.*, a las págs. 562-563.

plazo de noventa (90) días requerido por la Ley 104-1955. Por lo tanto, corresponde determinar si justificó jurídicamente tal incumplimiento. Veamos.

De las alegaciones que hizo el Sr. Robledo no surge que este haya estado física o mentalmente incapacitado para efectuar la notificación. Además, tampoco estableció la existencia de justa causa que lo eximiera de la notificación al Estado. El Apelante intentó justificar su incumplimiento alegando que al presentar una querella ante el Negociado "*toda la prueba inherente a la controversia incoada en la demanda está en posesión del Estado*".[18] No le asiste la razón. La presentación de la querella no es justa causa para el incumplimiento de la notificación requerida. Al momento de la presentación de la Demanda, es decir, posterior a la presentación de la querella, el propio Apelante desconocía la identidad de algunos de los testigos, por lo que fueron identificados como "*Agentes Adscritos al CIC Mengano y Perensejo*". Una oportuna notificación hubiese permitido que el Estado investigara los hechos, identificando los testigos y preservando la prueba.

Por lo tanto, ante la ausencia del requisito de notificación al Secretario de Justicia sobre la reclamación de daños y perjuicios, el Apelante está impedido de presentar reclamación alguna contra el Estado sobre los hechos del caso de epígrafe.

-IV-

Por los fundamentos que anteceden, **_confirmamos_** la Sentencia recurrida.

---

[18] Véase recurso apelativo, pág. 11.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*